20848—Addison R. Wilson v. Columbia Casualty Co. Cuyahoga. Judgment affirmed. Dock. 5 Abs. 797.

20882—Addison R. Wilson v. E. J. Hanratty, sheriff, etc. Cuyahoga. Judgment affirmed. Dock. 6 Abs. 29.

**MOTION DOCKET**

20902—Edney B. Kridler et al. v. Central National Bank et al. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 29.

20987—Irene Hart v. Cleveland Ry. Co. Motion for an order directing the Court of Appeals of Lucas county to certify its record. Overruled. Dock. 6 Abs. 157.

(Continued on Page 222)

# SYLLABI
# Ohio Supreme Court

HEIDLE et v. BALDWIN

Ohio Supreme Court.

No. 20686. Decided March 28, 1928.

Error to Miami Appeals.

Judgment reversed.

CLEVELAND RY. CO. v. PRESTI

Ohio Supreme Court.

No. 20586. Decided March 28, 1928.

Error to Cuyahoga Appeals.

Judgment affirmed.

**118. AUTOMOBILES—1045. Right of Way—1053. Roads and Highways.**

1. Right of way, as granted by statute, to vehicle on main thoroughfare, does not diminish duty of driver to proceed in lawful manner nor justify his disregarding other vehicles upon intersecting thoroughfare.

2. Statute applies only where collision is reasonably probable.

**829 NEGLIGENCE—301. Contributory Negligence.**

1. Duty of driver, on intersecting highway, to look both to the right and left and to wait for passing of vehicle upon main highway, unless prudent person would have reasonable ground to believe that approaching vehicle is so far distant from intersection, that he could safely cross in advance. Such question is one for jury.

2. Rule of per se negligence not applicable.

3. Where evidence is in conflict as to speed of each vehicle and as to distance of each from intersection, when each driver first had reasonable opportunity to observe the other, elements are presented which triers of facts must consider in estimate of conduct.

**225 CHARGE OF COURT.**

Error to instruct jury, in general terms, that law gives right of way to driver on main thoroughfare.

**1104 STATUTES. 874 Ordinances.**

State statutes do not require driver on intersecting highway to stop. Where ordinance imposes this obligation, proper to charge, under such ordinance, that failure to stop is negligence per se.

**MARSHALL, CJ.**

1. Right of way, as defined by section 6310-28, General Code, and read in conjunction with sections 6310-30 and 6310-31, General Code, granting a vehicle on a main thoroughfare the right to proceed uninterruptedly in the direction in which it is moving, gives a preference to the vehicle on such main thoroughfare, but does not diminish the duty of the driver of such vehicle to proceed in a lawful manner, nor justify his disregarding another vehicle upon an intersecting thoroughfare.

2. The statute only applies where two vehicles are approaching the crossing from different directions so nearly at the same time and at such rates of speed within lawful limits that if each proceeds without regard to the other a collision is reasonably to be apprehended.

3. Where the driver of a vehicle upon an intersecting highway reaches a main thoroughfare it is his duty to look both to right and left and if another vehicle is approaching the intersection in the main thoroughfare it is his duty to wait until such other vehicle has passed before entering the intersection unless a prudent person would have reasonable ground to believe that such other vehicle proceeding at a lawful speed is so far distant from the intersection that he could safely cross in advance thereof. The question whether the driver of the vehicle on the intersecting road is obliged to wait until the driver on the main thoroughfare has passed is a question for the jury, to be determined under all the circumstances of the case under proper instructions.

4. The duty imposed by the statute upon the driver of a vehicle on the intersecting highway is not a specific requirement to do or to omit to do a definite act but rather a rule of conduct and the rule of per se negligence is not applicable thereto.

5. Upon issues of negligence and contributory negligence where the evidence is in conflict as to the speed of each of the vehicles and the evidence in likewise in conflict as to the distance of each of the vehicles from the intersection at the time when each driver first had reasonable opportunity to observe the approach of the other, elements are presented which the triers of the facts must consider in their estimate of conduct.

6. It is error to instruct the jury in general terms that the law gives the right of way to the driver of the vehicle upon the main thoroughfare without stating the conditions and limitations upon that right.

7. The state statutes do not require the driver of a vehicle on an intersecting highway to bring his vehicle to a full stop and where this requirement is made by the provisions of a city ordinance a greater obligation is imposed upon drivers upon intersecting streets within the limits of such municipality and it is proper to charge under such an ordinance that the failure to bring the vehicle to a full stop is negligence per se and actionable where such failure is the direct and proximate cause of collision.

(Allen, Kinkade, Robinson and Matthias, JJ., concur.)

Jones, J., concurs in the judgment but thinks the syllabus as a whole is vague and misleading, in that it does not sufficiently safeguard the rights of the driver on the main highway given him by Section 6310-23 and 6310-31 General Code.