## SMITH v ROBINSON

Ohio Appeals, 4th Dist, Lawrence Co

Decided Nov 14, 1928

A. R. Johnson, Ironton, for Smith.

Andrews, Edwards & Andrews, Ironton, for Robinson.

MAUCK, J.

The verdict turned upon the manner in which the collision occurred, and the manner in which it occurred turned upon the precise place of the collision. The plaintiff's claim was that the car in which she was riding had passed the center of the street intersection, had turned slowly to the left, making a complete right angle, and was proceeding north toward the tunnel when the defendant's car entered the intersection and struck the Robinson car. The defendant's claim was that the Robinson car upon reaching the intersection cut the corner making a diagonal turn to the left without traveling around the center of the intersection. Both sides adduced testimony tending to support their respective views. If the plaintiff's claim was true the plaintiff was entitled to recover. If the defendant's claim was true the plaintiff was not entitled to a verdict. The jury found, and there is evidence to sustain it, that the collision occurred in the manner claimed by the plaintiff.

Most of the assignments of error in this respect were predicated on the claim that the charges are not as complete as the plaintiff in error thinks that they ought to have been. It was, however, incumbent upon the defendant below to request that an otherwise sound instruction be elaborated or amplified if necessary for a full development of the law as desired by the defendant, and insofar as the defendant failed to make such request it is now too late to complain of what the court actually said.

The objection urged against the tenth special instruction is that in that instruction the jury was advised that it was incumbent upon one approaching the street intersection to be on the lookout for other automobiles. It is suggested that the proper instruction would be that such driver was required to use ordinary care to observe other automobiles.. This is a distinction without a difference. No one can be said to be ordinarily prudent in observing other automobiles if he failed to keep a lookout for them.

The one question most strenuously argued relates to the examination of the jury upon its **voir dire**. In examining the jurors counsel for the plaintiff asked this question: "Has any member of the jury any employment in any manner with the Travellers Insurance Company?". Thereupon the defendant asked the court to dismiss the jury. The court overruled this motion and advised the plaintiff that the question was improper. Thereupon the defendant asked the court to instruct the jury that The Travellers Insurance Co. had nothing to do with the case and the court so instructed the jury. Counsel for the plaintiff insisted that the inquiry was permissible but the court expressed the opinion that the question was improper. The defendant renewed his motion to dismiss the jury. The motion was again overruled and to that the defendant excepted. The question is thus raised as to whether or not this inquiry of the jury is so suggestive to the jury of the probability that the defendant is protected by liability insurance that the verdict is so tainted that it must be set aside. The question was mooted by the Supreme Court in **Heidle v. Baldwin**, reported in the Law Bulletin for May 28, 1928. **Syl 6 Abs 222; 118 Oh St 375; 161 NE 44.** The impropriety of showing that the defendant in a damage suit has the protection of an insurance company is manifest. It is, however, equally clear that the prospective juror who had employment with the indemnity company and knew that such indemnity company would ultimately be liable to respond to any judgment rendered in the case would be an unfit juror. It has been frequently determined that a party who might develop by proper inquiry the unfitness of a prospective juror waives all of his rights in the premises if he has made no inquiry. The plaintiff was accordingly only performing a duty imposed upon him by law in making inquiry of the possible interest of those in the jury box unless he were fully satisfied at that time that there was no one in the panel who had any employment of the kind. In other words, before the court can say that the only purpose of the inquiry was to give the jury the notion that the defendant was protected by insurance the court must find that the inquiry was made in bad faith for a sinister purpose. There is no evidence of bad faith and we can not indulge the presumption that it existed. Since the argument of the case this whole question has been exhaustively considered in a monograph attached to **Jessup v. Davis, 56 A. L. R. 1418.**

It would be unprofitable to repeat here what has been said in the monograph in support of this position. We hold that the law in this state coincides with the rule generally prevailing and that the record in this case does not show that the plaintiff abused his right of inquiry in propounding to the jurors the question complained of.

There is no error in the record.

The judgment is affirmed.

Middleton, PJ, and Thomas, J, concur.